IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FEBRUARY SESSION, 1998

FILED

March 27, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9705-CC-00185 |
| | ) | |
| Appellee, | ) | |
| | ) | HARDEMAN COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. JON KERRY BLACKWOOD, |
| BEVELYN BAILEY, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (THEFT) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

CLIFFORD K. McGOWN, JR.            JOHN KNOX WALKUP
113 North Court Square              Attorney General & Reporter
P.O. Box 26
Waverly, TN 37185                  JANIS L. TURNER
(ON APPEAL ONLY)                   Assistant Attorney General
                                   2nd Floor, Cordell Hull Building
                                   425 Fifth Avenue North
                                   Nashville, TN 37243

GARY F. ANTRICAN                   ELIZABETH T. RICE
District Public Defender           District Attorney General

JEANNIE KAESS                      JERRY W. NORWOOD
Assistant Public Defender          Assistant District Attorney General
P.O. Box 700                       Hardeman County Courthouse
Somerville, TN 38068               Bolivar, TN 38008

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Bevelyn Bailey, appeals as of right the sentence imposed by the trial court upon his conviction of theft. Defendant was indicted by the Hardeman County Grand Jury of burglary, theft and criminal impersonation. Defendant pled guilty to theft of property worth between $1,000 and $10,000 in violation of Tennessee Code Annotated section 39-14-103. The trial court sentenced Defendant to eight (8) years incarceration as a Range II Multiple Offender and denied Defendant's request for alternative sentencing. The sentence was ordered to run consecutively to a prior fifteen (15) year sentence imposed in Fayette County, for which he was on parole at the time of the present offense. In this appeal, Defendant argues that the trial court erred in sentencing him to eight (8) years incarceration and in finding that he was not a favorable candidate for alternative sentencing of split confinement or Community Corrections. We affirm the judgment of the trial court.

Defendant testified on his own behalf at the sentencing hearing. He testified that in the past he was "just wild" but that he "grew up mentally" while he was in prison. He stated that he obtained a job when he was on parole, but became addicted to crack cocaine in 1995. Defendant testified that this addiction to crack cocaine caused him to skip work and to ultimately quit his job. He further testified he would not have committed the present offense of theft if he had not been on cocaine.

When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and

all relevant facts and circumstances." <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991). There are, however, exceptions to the presumption of correctness. First, the record must demonstrate that the trial court considered the sentencing principles and all relevant facts and circumstances. <u>Id.</u> Second, the presumption does not apply to the legal conclusions reached by the trial court in sentencing. Third, the presumption does not apply when the determinations made by the trial court are predicated upon uncontroverted facts. <u>State v. Smith</u>, 898 S.W.2d 742, 745 (Tenn. Crim. App. 1994), <u>perm</u>. <u>to</u> <u>appeal</u> <u>denied</u>, <u>id</u>. (Tenn. 1995).

Our review requires an analysis of: (1) The evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, & -210; <u>see State v. Smith</u>, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the facts and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. <u>State v. Fletcher</u>, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Upon review of the record, we find that the trial court failed to state specific findings of fact justifying the enhancement and mitigating factors applied and how

it determined the weight to be applied to each of them. Furthermore, the trial court did not explicitly set forth its reasoning for the sentence imposed or for the denial of alternative sentencing, and hence, failed to follow proper statutory sentencing procedure. Therefore, review by this Court is <u>de novo</u> without a presumption of correctness.

Defendant first argues that the eight (8) year sentence imposed was excessive. At the brief sentencing hearing, the trial court noted two enhancement factors to be applicable: (1) Defendant had a previous history of criminal convictions or criminal behavior; and (2) the felony was committed while on parole from a prior felony conviction. Tenn. Code Ann. § 40-35-114(1) and (13)(B). The trial court considered two mitigating factors: (1) that the offense neither caused nor threatened bodily injury; and (2) Defendant admitted guilt. Tenn. Code Ann. § 40-35-113(1) and (13).

The pre-sentence report indicates that Defendant was previously convicted of the following offenses: second degree burglary in 1976, two counts of attempt to commit the felony of burglary in 1979, possession of stolen property in 1980, receiving stolen property in 1982, first-degree burglary on two separate occasions in 1985, and larceny, second-degree burglary and first-degree burglary in 1988. At the time he committed the present offense, he was on parole from a prior fifteen (15) year sentence imposed in 1988 in Fayette County.

Tennessee Code Annotated section 40-35-210(c) provides that the minimum sentence within the range is the presumptive sentence for a Class D felony. If there are enhancing and mitigating factors, the court must start at the minimum sentence

in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). It was stipulated by the parties that the Defendant would be sentenced as a Range II Multiple Offender. Theft of property between $1,000 and $10,000, a Class D felony, has a sentence range of four (4) to eight (8) years for a Range II offender. Tenn. Code Ann. §§ 40-35-112(b)(4), 39-14-103 and 39-14-105(3). Even if some evidence of mitigation existed, which was acknowledged by the trial court, where the mitigating factors are strongly outweighed by the enhancement factors, the maximum sentence is warranted. State v. Ruane, 912 S.W.2d 766, 785 (Tenn. Crim. App. 1995). Based upon Defendant's lengthy criminal history and the fact that the present offense was committed while Defendant was on parole, it was well within the trial court's discretion to impose the maximum sentence. Thus, the trial was justified in imposing the maximum sentence of eight (8) years.

Tennessee Code Annotated section 40-35-102 outlines when alternative sentencing is appropriate. A defendant who "is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). As noted above, Defendant agreed to plead guilty as a Range II Multiple Offender, so he is not within the parameters of Tennessee Code Annotated section 40-35-102(6), and is therefore not presumed to be a favorable candidate for alternative sentencing. Our sentencing law also provides that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and

evincing failure of past efforts at rehabilitation shall be given first priority regarding sentences involving incarceration." Tenn. Code Ann. § 40-35-102(5).

When imposing a sentence of total confinement, our Criminal Sentencing Reform Act mandates the trial court to base its decision on the considerations set forth in Tennessee Code Annotated section 40-35-103. These considerations which militate against alternative sentencing include: the need to protect society by restraining a defendant having a long history of criminal conduct, whether confinement is particularly appropriate to effectively deter others likely to commit a similar offense, the need to avoid depreciating the seriousness of the offense, and the need to order confinement in cases in which less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1)(A) - (C).

In the case sub judice, we find that confinement is necessary to protect society from Defendant based on his extensive criminal record dating back to 1976. See Tenn. Code Ann. § 40-35-103(1)(A). He has been previously convicted of numerous felony offenses and the present offense was committed while on parole from a prior felony conviction. The Defendant has apparently failed at all past efforts of rehabilitation. See Tenn. Code Ann. § 40-35-103(5). Based on these facts, the Defendant apparently has a total disregard for the laws and morals of society. Regarding Defendant's request for split confinement, this Court has held that where a defendant's history indicates a clear disregard for the law and morals of society and a failure of past efforts to rehabilitate, the trial judge does not abuse his discretion in denying probation. State v. Chrisman, 885 S.W.2d 834 (Tenn. Crim. App. 1994).

The Defendant also argues that Community Corrections would be a suitable alternative to incarceration. The Community Corrections Act allows certain eligible offenders to participate in community based alternatives to incarceration, however, a defendant must first be a suitable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-104(9). Therefore, since the Defendant is not a suitable candidate for alternative sentencing because of the factors discussed above, this precludes him from participating in the Community Corrections program.

While the trial court may have failed to specify certain facts to support the sentence imposed, we find that the record provides the facts necessary to affirm the trial court's decision. Based upon the evidence presented at the sentencing hearing, the presentence report, the principles of sentencing set forth in Tenn. Code Ann. § 40-35-102, -103, -104, the nature of the offense, and the Defendant's potential for rehabilitation, we find that the trial court did not err in imposing the maximum sentence and denying the Defendant any type of alternative sentencing.

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:


_____
JOSEPH B. JONES, Presiding Judge


_____
JOHN H. PEAY, Judge